822 F.2d 55
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jerry D. EARWOOD; Larry D. Earwood; Dale E. McDowell;
Brett W. Watts; Terry E. Burdette; Arthur Lee Underwood;
Alfred E. McComas; Arnia L. Smith; Daniel S. Arthur;
James R. Lawhorn; Charles D. Burge; John R. Price; David
A. Vargo; Randall A. Sizemore; Danny Chambers, Plaintiffs-Appellants,
v.
CENTRAL DISTRIBUTING COMPANY, INC., a corporation; Central
Enterprises, Ltd., a corporation; Eagle Distributing
Company, a corporation; Allied Beverage Company, a
corporation; Anheuser-Bush Companies, Inc., a corporation;
Stroh's Brewery Company, a corporation; John Catalano;
Kenneth Catalano; James Pauken; A.G. Spriggs; Local 505,
International Brotherhood of Teamsters, Chauffeurs,
Warehousemen and Helpers of America, Defendants-Appellees.
 No. 86-1269.
 United States Court of Appeals, Fourth Circuit.
 Argued June 2, 1987.
Decided June 11, 1987.
 
 Before WINTER, Chief Judge, WILKINS, Circuit Judge, and SMALKIN, United States District Judge for the District of Maryland, sitting by designation.
 Geary M. Battistelli (Beneke, Battistelli & Bremer, on brief), for appellant.
 Edward Martin Kowal, Jr. (James R. Bailes; Campbell, Woods, Bagley, Emerson, McNeer & Herndon, on brief); Fred F. Holroyd (Holroyd & Yost; Ray L. Hampton, II; Barrett, Chafin, Lowry & Hampton; Charles L. Woody; Spilman, Thomas, Battle & Klostermeyer, on brief), for appellee.
 PER CURIAM:
 
 
 1
 Plaintiffs were employees of Central Distributing Company, Inc. (Central), a beer distribution company. They were represented by International Brotherhood of Teamsters, Inc. (the union). Central sold its business to Eagle Distributing Company (Eagle), a newly organized corporation. Following the sale, Eagle refused to recognize the collective bargaining contract with Central, or to bargain with the union, and it refused to hire plaintiffs.
 
 
 2
 Contending that the sale was a sham transaction and that Eagle is the alter ego of Central, the union filed unfair labor practices charges with the N.L.R.B. against Central and Eagle. After an investigation, the Board dismissed the charges and the union appealed but the dismissal was upheld.
 
 
 3
 Plaintiffs then sued Central, Eagle, the union and others for breach of the collective bargaining agreement, unfair labor practices, breach of the duty of fair representation--all under federal law--and four state law claims, viz. fraud, intentional interference with contractual relations, conspiracy to commit fraud and conspiracy to commit unfair labor practices.
 
 
 4
 The district court dismissed the complaint. In a memorandum opinion, it ruled that plaintiff's alleged federal causes of action were barred by limitations because suit was not instituted within six months after plaintiffs learned that they would not be hired. It further ruled that plaintiffs' alleged state causes of action had been preempted by the federal statute.
 
 
 5
 Plaintiffs appeal. We think that the district court's two basic rulings were correct, and we affirm on the memorandum opinion of the district court. Earwood, et al. v. Central Distributing Company, Inc., et al., Civ. No. 2:85-1548 (S.D.W.Va., November 4, 1986) (unpublished).
 
 
 6
 Central, its affiliate and its principals, seek sanctions for their attorneys fees and costs in this appeal. Sanctions were not sought in the district court nor do the other defendants join in the request. We do not think that the issue of preemption is so clear that sanctions are justified. We deny the request.
 
 
 7
 AFFIRMED.